IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:17-CR-460-D |
| | § | |
| DENTON ALLMON (1), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Denton Allmon ("Allmon"), who is represented by retained counsel, has filed a January 14, 2019 *pro se* motion to withdraw counsel and assertion of right to speedy trial. The court denies the motion, and it concludes that Allmon's right to a speedy trial has not been violated.[1]

I

Allmon is represented in this case by counsel. "A criminal defendant does not have the right to 'hybrid representation.'" *United States v. Lopez*, 313 Fed. Appx. 730, 731 (5th Cir. 2009) (per curiam) (citing *United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999)). Because such *pro se* motions are unauthorized where a defendant is represented by counsel, the district court properly disregards such filings when they are made. *See id.* (" As such, [defendant's] pro se motion to dismiss was an unauthorized motion and the district court properly disregarded it."). Accordingly, Allmon's motion to withdraw counsel is denied.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II

Although the court is denying Allmon's motion, it notes that Allmon is requesting that the court relieve his *retained* counsel, Christopher W. Lewis, Esquire ("Lewis"). But because Lewis is *retained* counsel, not *court-appointed* counsel, Allmon does not need the court's permission to terminate Lewis as his attorney, and he need not (as he has done here) file a motion with the court. He can contact Lewis and terminate his services himself. Once Allmon has discharged Lewis as his attorney, Lewis must move to withdraw.[2]

There are circumstances in which the court can deny a terminated attorney's motion to withdraw. *See, e.g., United States v. Loving*, 254 F.3d 71, 2001 WL 502803, at *4 (5th Cir. Apr. 27, 2001) (unpublished table decision). While a defendant who has retained counsel has a Sixth Amendment right to choose who will represent him, *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006), the court must "balance the right to counsel of one's choice against the need for fairness and the demands of the court's calendar," *United States v. Contreras*, 558 Fed. Appx. 400, 401 (5th Cir. 2014) (per curiam) (citing *United States v. Jones*, 733 F.3d 574, 586-87 (5th Cir. 2013)). For example, a defendant whose motion for a trial continuance has been denied cannot terminate his retained attorney and insist that his trial be continued so that his newly retained attorney can prepare for trial. But in this case, the trial is set for August 19, 2019, and there is no apparent unfairness in allowing Allmon to terminate Lewis at this stage of the case.

If Allmon does decide to terminate Lewis as his attorney, he can retain another attorney to represent him. *See Gonzales-Lopez*, 548 U.S. at 144. Or, if Allmon cannot afford to retain his

---

[2]The court is not suggesting, of course, that Allmon *should* discharge Lewis. That is a decision he must make.

attorney of choice, he can request appointed counsel.³ Finally, Allmon has the right to represent himself, provided he knowingly and voluntarily waives his right to the assistance of counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975).

III

In his motion, Allmon asserts his right to a speedy trial. The court concludes that Allmon's right to a speedy trial has not been violated.

In this multi-defendant case, each continuance that the court has granted has been in response to a motion by one or more defendants (including at least two motions that Allmon filed on December 20, 2017 and January 4, 2019). And in granting each continuance motion, the court specifically found under 18 U.S.C. § 3161(h)(7)(A) that an "ends of justice" continuance was warranted because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Allmon's right to a speedy trial under the Speedy Trial Act has not been violated. And "[it] will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (citing cases).

---

³It remains an open question in the Fifth Circuit whether a defendant must show good cause to replace retained counsel with court-appointed counsel. *See United States v. Bell*, 2016 WL 5089114, at *7 (N.D. Tex. Sept. 19, 2016) (Horan, J.) (citing *United States v. Mason*, 668 F.3d 203, 212-15 (5th Cir.), *withdrawn and superseded*, 480 Fed. Appx. 329 (5th Cir. 2012)). On the one hand, a defendant who has retained his own counsel generally has a right to counsel of his choice. *See id.* at *4 (quoting *Gonzales-Lopez*, 548 U.S. at 147-48). On the other hand, an indigent defendant is not entitled to demand a different appointed counsel in the absence of a showing of good cause. *Id.* at *3 (quoting *Contreras*, 558 Fed. Appx. at 401). The courts of appeals are split on the issue. *See, e.g., United States v. Jimenez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) ("The right to choose counsel is incomplete if it does not include the right to discharge counsel that one no longer chooses."); *United States v. Mota-Santana*, 391 F.3d 42, 46-47 (1st Cir. 2004) (concluding that showing of good cause is necessary). Because the court is deciding the present motion on other grounds, it need not address this question here.

* * *

Accordingly, for the reasons explained, Allmon's January 14, 2019 *pro se* motion to withdraw counsel is denied, and the court concludes that Allmon's right to a speedy trial has not been violated. In addition to serving the others who are entitled to notice of this memorandum opinion and order, the clerk of court is directed to serve a copy on Allmon by mail at the address shown on the envelope in which he transmitted the motion to the court (ECF 369, p. 4).

**SO ORDERED**.

January 16, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE